UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LLOYD CAREY, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 08-292 (RMC) |
| MICHAEL MUKASEY, *et al.*, | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of petitioner Lloyd Carey's pro se application for a writ of habeas corpus. Mr. Carey is a federal prisoner incarcerated at the Federal Correctional Institution in Ft. Worth, Texas. According to the petition, Mr. Carey is serving a 120-month sentence imposed by the United States District Court for the Northern District of Texas following a plea of guilty. Mr. Carey claims that he received ineffective assistance of counsel and challenges the sentencing court's jurisdiction.

Mr. Carey's challenge to his conviction must be presented to the sentencing court pursuant to 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (the proper remedy for "attacking the constitutionality of the statute under which [petitioner] was convicted and sentenced" is "by way of habeas corpus of Title 28 Sec. 2255, United States Code"); *Ojo v. Immigration & Naturalization Svc.*, No. 96-30625, 1997 U.S. App. LEXIS 12683, at *10-11 (5th Cir. Mar. 4, 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing). Under the controlling statute,

> An application for a writ of habeas corpus in behalf of a prisoner who
> is authorized to apply for relief by motion pursuant to [§ 2255] shall

> not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Mr. Carey claims that his § 2255 remedy is ineffective because "[t]he legislative-territorial court wherein the issue . . . arose lacks the constitutional authority to entertain and to adjudicate the issues herein . . . ." Pet. at 8. But this argument has no basis in law or fact. *See Rogers v. U.S. Dist. Ct. for the N. Dist. of Tex., Dallas Div.*, No. 06-5214, 2006 WL 3498294, at *1 (D.C. Cir. Nov. 13, 2006) ("The district court correctly concluded that appellant's complaint is frivolous. . . . Contrary to appellant's assertions, the United States District Court for the Northern District of Texas is an Article III court.").

Because Mr. Carey's habeas remedy must be pursued in the sentencing court, the Court will dismiss this case without prejudice. A memorializing order accompanies this Memorandum Opinion.

Date: March 4, 2008

/s/
ROSEMARY M. COLLYER
United States District Judge